**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| **YACOUBA T.,** | : | |
| | : | **Civil Action No. 20-673 (ES)** |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| **STEVEN AHRENDT,** *et al.*, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

At the time of filing, Yacouba T. ("Petitioner") was detained by the Department of
Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Bergen County
Jail in Hackensack, New Jersey. On January 21, 2020, Petitioner filed the instant Petition for
Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his prolonged detention during his
removal proceedings. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will
grant the Petition.

**I.  BACKGROUND**

Petitioner is a native and citizen of Mali, who entered the United States on an unknown
date. (D.E. No. 4 ("Answer"); D.E. No. 4-1, Notice to Appear ("Ex. A"); D.E. No. 4-2, Form I-
213 Record of Deportable/Inadmissible Alien ("Ex. B")). On July 25, 2005, he filed an
application for relief under 8 U.S.C. § 1255, and on December 8, 2005, he was granted advance
parole by U.S. Citizenship and Immigration Services ("USCIS"). (Ex. B at 2). On February 3,
2006, at Detroit Metropolitan Airport, he was paroled into the United States to pursue an
application for relief, which USCIS denied. (Ex. A). On December 5, 2017, ICE arrested and

detained Petitioner, charging him as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who at the time of application for admission

was not in possession of a valid entry document.  (Ex. A & Ex. B).  On January 29, 2018, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of New York.  Civil Action No. 18-794 (S.D.N.Y. 2018).  On April 30, 2018, the Southern District of New York denied the petition.  (Pet. ¶ 26).  On June 21, 2018, the immigration judge ("IJ"), based on record evidence, found that his removability was established by clear and convincing evidence.  (Answer, Ex. C, IJ's June 21, 2018 Order).  On the same day, the IJ issued a decision granting Petitioner's application for withholding of removal.  (*Id.*).  On July 19, 2018, ICE appealed the decision of the immigration judge to the Board of Immigration Appeals ("BIA").  (Pet. ¶ 28).

On August 29, 2018, Petitioner filed a second petition for writ of habeas corpus in the Southern District of New York.  Civil Action No. 18-7909 (S.D.N.Y. 2018).  On September 6, 2018, the Southern District of New York transferred the matter to the District of New Jersey. Civil Action No. 18-13879 (D.N.J. 2018).  On December 7, 2018, the BIA issued a decision and remanded Petitioner's proceedings to the immigration court for further proceedings and issuance of a new decision.  (D.E. No. 1-5, December 7, 2018 BIA Decision ("Pet., Ex. D")).  On January 29, 2019, the IJ issued a decision and order granting Petitioner's application for withholding of removal to Mali.  (D.E. No. 1-6, January 29, 2019 IJ Decision ("Pet., Ex. E")).

On March 12, 2019, the IJ issued an amended written decision granting Petitioner's application for withholding of removal to Mali and ordering Petitioner removed from the United States.  (D.E. No. 1-7, March 12, 2019 IJ Decision ("Pet., Ex. F")).  On April 10, 2019, Chief Judge Linares issued a decision dismissing the petition for writ of habeas corpus and request for

an order to show cause on the basis that his detention was not constitutionally unlawful. *Yacouba T. v. Decker*, No. 18-13879, 2019 WL 1569823 (D.N.J. Apr. 10, 2019). On April 16, 2019, Petitioner file a motion to reopen his proceedings and a motion for a stay of removal with the immigration court. (D.E. No. 1-8, April 24, 2019 IJ Decision ("Pet., Ex. G")). On April 24, 2019, the immigration judge granted the motion to reopen. (*Id.*). On May 20, 2019, Petitioner filed a third petition for writ of habeas corpus in the Southern District of New York. Civil Action No. 19-4612 (S.D.N.Y. 2019). On August 19, 2019, the Southern District of New York denied Petitioner's petition for writ of habeas corpus. (D.E. No. 4-4, August 19, 2019 Order and Decision ("Answer, Ex. D")). On November 5, 2019, the IJ issued a decision granting Petitioner's application for cancellation of removal. (D.E. No. 1-9, November 5, 2019 IJ Decision ("Pet. Ex. H")). On December 5, 2019, ICE appealed the decision to the BIA. That appeal remains pending. (Answer at 3).

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*,

3

410 U.S. 484, 49-–95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

## B. Analysis

Because Petitioner is held as an arriving alien, and the appeal to the BIA remains pending, both parties agree Petitioner is currently detained pursuant to 8 U.S.C. 1225(b) and has been since December 2017.

As the Supreme Court explained in *Jennings v. Rodriguez*, there is no statutory basis for release or a bond hearing prior to the conclusion of an alien's removal proceedings under § 1225(b), and the Court explicitly rejected the use of the constitutional avoidance canon to read an implicit temporal limitation on detention under the statute. 138 S.Ct. 830, 842–46 (2018). However, *Jennings* does not preclude habeas relief when a detainee's detention has become so unduly prolonged that it renders § 1225(b) unconstitutional as applied to him. Indeed, post-*Jennings* it remains true (1) that "detention which is so unreasonable as to amount to an arbitrary deprivation of liberty cannot comport with the requirements of the Due Process Clause"; (2) the "constitutionality of detention ... without a bond hearing is a function of the length of the detention and the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues"; and (3) "at a certain point ... the burden to an alien's liberty outweighs the Government's interest in detention without bond[.]" *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018) (citing *Chavez-Alvarez*, 783 F.3d at 474–75; *Diop*, 656 F.3d at 232–34) (internal citations omitted). Accordingly, Petitioner will be entitled to habeas relief if "his ongoing detention is so unreasonable or arbitrary that it has actually violated his rights under the Due Process Clause." *Dryden*, 321 F. Supp. 3d at 502. This inquiry—and the Court's

ultimate determination on the reasonableness of Petitioner's ongoing detention – is "highly fact specific[.]" *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 474–75).

While there is no specific point in time at which detention becomes unreasonable, courts within this district have previously found that detention for fifteen months or less is insufficient to support an as-applied challenge to detention under § 1225(b), including for Petitioner himself. *See Yacouba T.*, 2019 WL 1569823, at *3 (holding detention just over 15 months under § 1225(b) insufficient to trigger due process); *Alghazali v. Tsoukaris*, No. 16-9055, 2017 WL 3191513, at *5 (same); *Otis V. v. Green*, No. 18-742, 2018 WL 3302997, at *6 (D.N.J. July 5, 2018) (holding that detention under § 1225(b) for just over one year not unreasonable). Longer periods of time without a bond hearing, however, have been found to violate due process. *See Franklin K. B. v. Warden, Hudson Cty. Corr. Facility*, No. 18-9933, 2019 WL 2385701, at *4 (D.N.J. June 3, 2019) (holding detention over sixteen months under § 1225(b) unreasonable); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 443 (D.N.J. 2019) (finding detention of nearly twenty months under § 1225(b) unreasonable); *Cruz v. Nails-Castillo*, Civ. No. 16-1587, 2017 WL 6698709, at *5 (D.N.J. Sept. 19, 2017) (holding detention for over twenty-eight months under § 1225(b) unreasonable); *Mancia-Salazar v. Green*, Civ. No. 17-147, 2017 WL 2985392, at *4 (D.N.J. July 13, 2017) (finding eighteen months detention under § 1225(b) unreasonable).

Having considered these cases, as well as the facts of Petitioner's case, which includes no apparent requests for adjournments by him and more than one instance where Petitioner was afforded relief and his case was only delayed by appeals from the Government, the Court concludes that his 27 month detention without a bond hearing violates his due process rights. The Court is unpersuaded by the Government's argument that he is not entitled to a bond hearing simply because there is no evidence of bad faith on their part. (Answer at 11–12); *see Chavez-Alvarez*,

783 F.3d at 475 ("[I]t is possible that a detention may be unreasonable even though the Government has handled the removal case in a reasonable way."). Accordingly, and in light of the foregoing, the Court will order Petitioner be afforded an individualized bond hearing before an immigration judge.[1]

## III.  CONCLUSION

For the foregoing reasons, the Petition is granted.   An appropriate order follows.


*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1]     In a letter filed on March 24, 2020, Petitioner states that he seeks "the same remedy" that several inmates have recently received from the state courts in light of the recent COVID-19 outbreak in several of the ICE facilities. (D.E. No. 6).   It appears Petitioner is seeking release based on this outbreak, however, he cites to no law and makes no formal arguments.   As such, and in light of the Court's granting of the Petition, the Court will not consider said request.